IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BRAD BERRYMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File |
| v. | ) | Number: 1:22-cv-00211-WMR |
| | ) | |
| MTZ BROS. CORP, MTZ | ) | |
| BROS., LLC, ADRIAN | ) | |
| MARTINEZ and SECURITY | ) | **JURY TRIAL DEMANDED** |
| NATIONAL INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>COMPLAINT FOR DAMAGES</u>

COMES NOW Plaintiff BRAD BERRYMAN and hereby files this Complaint

for Damages against Defendants MTZ BROS. CORP, MTZ BROS., LLC, ADRIAN

MARTINEZ and SECURITY NATIONAL INSURANCE COMPANY. In so doing,

Plaintiff alleges as follows:

## **PARTIES**

1.

Plaintiff is a resident of Henrico County, Virginia, Georgia. Plaintiff subjects himself to the jurisdiction of this Court.

2.

Defendant MTZ Bros., Corp. ("MTZ, Corp.") is an Illinois Corporation. MTZ, Corp. is a foreign profit corporation operating in the State of Illinois and operating outside the State of Illinois. Its principal office is 4526 S. Saint Louis Avenue, Chicago, Illinois. MTZ Corp. may be served through its agent for service of process at 4526 S. Saint Louis Avenue, Chicago, Illinois

3.

MTZ Corp. is subject to the venue and jurisdiction of this Court.

4.

Defendant MTZ Bros., LLC. ("MTZ, LLC") is a Florida Corporation. MTZ LLC is a foreign profit corporation operating in the State of Florida and operating outside the State of Florida. Its principal office is 1002 Sal Street, Ocoee, Florida 34761. MTZ, LLC may be served through its agent for service of process at 1002 Sal Street, Ocoee, Florida 34761

2

5.

MTZ, LLC is subject to the venue and jurisdiction of this Court.

6.

Defendant Adrian Martinez ("Martinez") is a resident of Marion County, Florida. Defendant may be served by serving a summons and a copy of the complaint upon him at his residence or at any other address at which he may be found, including 5460 NW 60th Street, Ocala, Florida 34482.

7.

Martinez is subject to the venue and jurisdiction of this Court.

8.

Defendant Security National Insurance Company ("Security National") is a foreign insurance company authorized to transact business in the state of Georgia.  Its principal office address is 4455 LBJ Freeway, Suit 700, Dallas, Texas 75244. Security National may be served through its agent for service of process United Agent Group, Inc., 2985 Gordy Parkway, 1st Floor, Marietta, Georgia 30066.

9.

Security National is subject to the venue and jurisdiction of this Court.

10.

At all times relevant hereto MTZ, Corp. and MTZ, LLC were insured by a policy of indemnity insurance issued by Security National.

11.

The insurance contract issued by Security National to MTZ, Corp. and MTZ, LLC was provided for the protection of members of the public, and Plaintiff is a third-party beneficiary to that contract under Georgia law.

12.

Plaintiff has sustained actionable injuries and is entitled to pursue this direct action against Security National.

13.

Security National is therefore liable to Plaintiff under contract for all damages sustained by Plaintiff that were caused by the negligence of MTZ, Corp. and MTZ, LLC, its agents and employees and joint ventures.

14.

Security National is subject to this direct action pursuant to O.C.G.A. § 40-2-140.

15.

At all times material, Martinez was an employee and/or agent of MTZ, Corp. and/or MTZ, LLC and was acting within the course and scope of his employment.

16.

This Court has jurisdiction over the parties to this action.

17.

This Court has jurisdiction over the subject matter of this action.

18.

Venue is proper in this Court.

**<u>FACTS</u>**

19.

Plaintiff hereby reincorporates paragraphs 1 to 18 as if fully set forth herein.

20.

On October 3, 2019, MTZ, Corp. and/or MTZ, LLC provided its driver and employee Martinez with a commercial tractor-trailer to drive in furtherance of its commercial business.

21.

As part of its business, MTZ, Corp. and/or MTZ, LLC transported products

for compensation over public highways and roads both interstate and in the State of Georgia.

22.

On October 3, 2019, Martinez was an employee of MTZ, Corp. and/or MTZ, LLC.

23.

On October 3, 2019, Plaintiff was a lawful passenger in a vehicle driven on Towne Lake Parkway near its intersection with Main Street in Woodstock, Cherokee County, Georgia.

24.

Martinez was driving a tractor-trailer owned/operated by MTZ, Corp. and/or MTZ, LLC and travelling behind the vehicle in which Plaintiff was a passenger.

25.

Martinez failed to exercise reasonable care while he was operating the tractor-trailer.

26.

As a result of the negligence of Martinez, Plaintiff sustained bodily injuries.

## COUNT I – NEGLIGENCE OF DEFENDANT MARTINEZ

27.

Plaintiff hereby reincorporates paragraphs 1 to 26 as if fully set forth herein.

28.

Martinez owed Plaintiff a duty to exercise ordinary care in operating the tractor trailer.

29.

Martinez admits fault for causing the collision at issue.

30.

Martinez failed to operate the tractor-trailer with the due care exercised by individuals in like or similar circumstances and operated the vehicle in a manner showing a disregard for the safety of others, including Plaintiff.

31.

Martinez's actions constituted negligence in operating the tractor-trailer contrary to the reasonable and safe conditions and circumstances existing at that time.

32.

Martinez's actions constituted negligence by engaging in a driving manner

7

that was ill-timed and improper, causing danger, injuries, damages, losses, physical pain, and distress to Plaintiff.

33.

Martinez was negligent in failing to take appropriate precautionary measures and procedures to prevent injuries to others, including Plaintiff.

34.

Martinez failed to adhere to pertinent aspects of Georgia motor vehicle laws and regulations.

35.

Martinez's negligence includes, but is not limited to, one or more of the following:

(a)    Following too closely under O.C.G.A. § 40-6-49;

(b)    Negligently causing a collision in the roadway;

(c)    Negligently failing to keep a proper lookout;

(d)    Negligently failing to maintain his vehicle under proper control;

(e)    Negligently failing to make timely and proper application of brakes; and

(f)    Any other acts of negligence that may be proven at trial.

36.

Martinez was and is negligent *per se*.

37.

Martinez is negligent for all other acts of negligence as may be shown at trial.

38.

Plaintiff sustained injuries and damages, which were directly and proximately caused by the negligence of Martinez.

39.

But for the negligence of Martinez, Plaintiff would not have suffered injuries, physical pain, suffering, and anguish, inconvenience, and other injuries as proven at the trial of this matter.

40.

MTZ, Corp. and/or MTZ, LLC are liable for the negligent acts of its employee and/or agent Martinez.

41.

At all times relevant, Plaintiff did not contribute to the incident in any manner.

## COUNT II – VICARIOUS LIABILITY OF MTZ, CORP. AND/OR MTZ, LLC.

### 42.

Plaintiff hereby reincorporates paragraphs 1 to 41 as if fully set forth herein.

### 43.

MTZ, Corp. and/or MTZ, LLC owned the truck driven by Martinez.

### 44.

At the time of the collision, Martinez was an employee MTZ, Corp. and/or MTZ, LLC and was in the course and scope of his employment with MTZ, Corp. and/or MTZ, LLC.

### 45.

MTZ, Corp. and/or MTZ, LLC are responsible for the negligence of Martinez under the theories of vicarious liability and *respondeat superior* under O.C.G.A. § 51-2-1.

## COUNT III - NEGLIGENCE OF DEFENDANTS MTZ CORP. AND/OR MT, LLC.

### 46.

Plaintiff hereby reincorporates paragraphs 1 to 45 as if fully set forth herein.

47.

On information and belief, MTZ, Corp. and/or MTZ, LLC negligently hired, supervised, trained, and retained Martinez and negligently entrusted him with operating the tractor trailer at issue.

48.

MTZ, Corp. and/or MTZ, LLC negligently failed to implement and utilize proper procedures to evaluate Martinez's driving skills, behavior, and habits for the operation of this vehicle.

49.

Because MTZ, Corp. and/or MTZ, LLC, through its officers, agents, employees, and/or representatives, had knowledge of, or in the exercise of reasonable care should have had knowledge of the negligence discussed herein and the danger created by its actions and/or omissions, MTZ, Corp. and/or MTZ, LLC are liable for the negligent supervision, hiring, training, and retention of its management, agents, and employees and the entrustment of the tractor trailer at issue to Martinez.

50.

Upon information and belief, as owner of the subject tractor-trailer, and

because MTZ, Corp. and/or MTZ, LLC through its officers, agents, employees, and/or representatives, failed to properly maintain the tractor trailer, MTZ, Corp. and/or MTZ, LLC are liable as the negligent maintenance of the tractor trailer was in any way causally related to the subject collision.

51.

MTZ, Corp. and/or MTZ, LLC are negligent in failing to promulgate and enforce company policies, procedures, and rules for the protection of the public, including but not limited to Plaintiff.

52.

MTZ, Corp. and/or MTZ, LLC are negligent for all other acts of negligence as may be shown at trial.

53.

Plaintiff sustained injuries and damages, which were directly and proximately caused by the negligence of MTZ, Corp. and/or MTZ, LLC.

54.

But for the negligence of MTZ, Corp. and/or MTZ, LLC, Plaintiff would not have suffered injuries, physical pain and suffering and anguish, inconvenience, and other injuries as proven at the trial of this matter.

12

## COUNT IV – JOINT VENTURE

### 55.

Plaintiff hereby reincorporates paragraphs 1 to 54 as if fully set forth herein.

### 56.

Martinez and MTZ, Corp. and/or MTZ, LLC combined their property and labor in a joint undertaking for profit with mutual rights of control and accordingly rendered themselves liable for the negligence of the other(s).

### 57.

Martinez and MTZ, Corp. and/or MTZ, LLC's joint negligence was the proximate cause of this collision and Plaintiff's injuries.

## COUNT V - DAMAGES

### 58.

Plaintiff hereby reincorporates paragraphs 1 to 57 as if fully set forth herein.

### 59.

As a result of the incident on October 3, 2019, Plaintiffs was injured by Martinez and MTZ, Corp. and/or MTZ, LLC.

### 60.

As a direct and proximate result of the negligent acts of Defendants,

13

Plaintiff sustained physical injuries. Plaintiff ha incurred special and compensatory damages, including past, present, and future medical bills:

| | |
|---|---|
| Northside Hospital Atlanta | $2,787.00 |
| Northside Emergency Associates, PC | $981.00 |
| Northside Radiology Associates | $35.00 |
| Ortho Virginia | $37.951.80 |
| North American Partners in Anesthesia | $6,217.96 |
| Richard Huntley | $90.00 |
| TOTAL: | $48,062.76 |

61.

As a direct and proximate result of the negligent acts of Martinez and MTZ, Corp. and/or MTZ, LLC, Plaintiff has endured and will continue to endure physical pain and suffering in an amount determined by the enlightened conscience of the jury.

## COUNT VI – ATTORNEYS' FEES

62.

Plaintiff hereby reincorporates paragraphs 1 to 61 as if fully set forth herein.

63.

At all times and in all matters mentioned above, Defendants' have been stubbornly litigious and has caused Plaintiff unnecessary trouble and expense

thereby entitling Plaintiff to an award of reasonable attorneys' fees and court costs in accordance with O.C.G.A. § 13-6-11, and, if triggered, O.C.G.A. § 9-11-68.

WHEREFORE, Plaintiff prays for the following relief:

a) That a Summons and a copy of this complaint be served on Defendants as provided by law;

b) That Plaintiff have a trial by jury of six as to all issues;

c) That Plaintiff have and recover special damages for past and future medical costs against Defendants in an amount to be proven at trial;

d) That Plaintiff have and recover general damages for personal injuries against Defendants (including, but not limited to pain and suffering, past, present and future) in an amount to be proven at trial; and,

e) That Plaintiff have and recover attorneys' fees against Defendants under O.C.G.A. § 13-6-11 and, if triggered, O.C.G.A. § 9-11-68.


**[SIGNATURE ON THE FOLLOWING-PAGE]**

This 19th day of January, 2022.

                                        Respectfully submitted,

2860 Piedmont Road, N.E.                **KEVIN PATRICK LAW, LLC,**
Suite 140
Atlanta, Georgia 30305
404.566.8964  (phone)                   BY:_____
404.565.4995 (facsimile)
kevin@patricktriallaw.com                        Kevin Patrick
                                                 Georgia Bar No. 225211
                                                 *Attorney for Plaintiff*

16

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BRAD BERRYMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File |
| v. | ) | Number: |
| | ) | |
| MTZ BROS. CORP, MTZ | ) | |
| BROS., LLC, ADRIAN | ) | |
| MARTINEZ and SECURITY | ) | **JURY TRIAL DEMANDED** |
| NATIONAL INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF COMPLAINCE

I HEREBY CERTIFY that the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14 point) as approved by the Court in Local Rule 5.1(C).

**[SIGNATURE ON THE FOLLOWING PAGE]**

17

This 19th day of January, 2022.

Respectfully submitted,

2860 Piedmont Road, N.E.         **KEVIN PATRICK LAW, LLC,**
Suite 140
Atlanta, Georgia 30305
404.566.8964  (phone)            BY:_____
404.565.4995 (facsimile)
kevin@patricktriallaw.com                Kevin Patrick
                                         Georgia Bar No. 225211
                                         *Attorney for Plaintiff*

18